UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ATAIN SPECIALTY INSURANCE
COMPANY,

    Plaintiff

v.                                        CASE NO. 8:17-cv-1600-T-23AEP

LOYDA SANCHEZ, et al.,

    Defendants.
_____/

## **ORDER**

Clara Candelario's car allegedly rear-ended another car and caused a chain reaction that pinned Mirian Dominguez between a churro cart and the Latin American Supermarket. In state court, Dominguez sued Candelario, the supermarket, and Luis and Loyda Sanchez (the owners of the shopping plaza). Atain denied Loyda Sanchez's claim for coverage under her commercial general liability insurance policy. Atain sues (Doc. 1) for a declaration that the policy creates no duty to defend or indemnify Loyda Sanchez in the state-court action. The defendants, except for Candelario, move (Docs. 22 and 27) to dismiss the complaint or to stay the action until the resolution of the state-court action.

## **DISCUSSION**

The duty to defend is broad and determined solely by comparing the insurance policy to the complaint against the insured. *EmbroidMe.com, Inc. v. Travelers Cas. Co.*

*of Am.*, 845 F.3d 1099, 1107 (11th Cir. 2017).  The duty to indemnify is determined "by the underlying facts adduced at trial or developed through discovery during litigation."  *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1325 (11th Cir. 2014) (internal quotations omitted).  Arguing that the claim is not ripe for adjudication, the defendants move for dismissal or a stay of Atain's request for a declaration on the duty to indemnify.  (Docs. 22 at 5 and 27 at 5)

**1. Declaratory judgment on indemnification is premature.**

The jurisdictional and prudential components of the ripeness doctrine protect "federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes."  *Dig. Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997).  Article III jurisdiction requires a definite and concrete case or controversy that permits a definite and concrete resolution and not "'an opinion advising what the law would be upon a hypothetical state of facts.'" *Provident Life & Accident Ins. Co. v. Transamerica-Occidental Life Ins. Co.*, 850 F.2d 1489, 1491 (11th Cir. 1988) (quoting *Aetna v. Haworth*, 300 U.S. 227, 240–41 (1937)).

Atain aspires to define the duty to indemnify before the imposition of liability on the insured.  "But it is not the function of a United States District Court to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass."  *Am. Fid. & Cas. Co. v. Pa. Threshermen & Farmers' Mut. Cas. Ins. Co.*, 280 F.2d 453, 461 (5th Cir. 1960).[1]  In effect, Atain

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

- 2 -

requests an advisory opinion — forbidden by Article III — of the parties' respective rights and liabilities if the insured incurs liability. *See Watermark Constr., L.P. v. Southern-Owners Ins. Co.*, 2018 WL 1305913, at *6 (M.D. Fla. Mar. 13, 2018) (Byron, J.) (finding that a request for a declaration before a finding of liability is "nothing more than a request for an impermissible advisory opinion"); *see also Jacksonville Prop. Rights Ass'n v. City of Jacksonville*, 635 F.3d 1266, 1276 (11th Cir. 2011) (rejecting issuance of a declaration "on an issue that might never impact [the plaintiffs'] substantive rights"). But if the insured incurs no liability, the question of the duty to indemnify for that unincurred liability remains forever hypothetical and, for that reason, remains a question unavailable for resolution under Article III. *See J.B.D. Const., Inc. v. Mid-Continent Cas. Co.*, 571 Fed. App'x 918, 927 (11th Cir. 2014) ("The duty to indemnify is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims.") (citing *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1360 (M.D. Fla. 2001) (Presnell, J.)); *see also Mid-Continent Cas. Co. v. G.R. Constr. Mgmt., Inc.*, 278 F. Supp. 3d 1302, 1306 (M.D. Fla. 2017) (Chappell, J.) (finding that a request for declaration on the duty to indemnify before the conclusion of the underlying state-court action presents no "actual controversy"). *But see Emp'rs Mut. Cas. Co. v. All Seasons Window & Door Mfg., Inc.*, 387 F. Supp. 2d 1205, 1210 (S.D. Ala. 2005) (Steele, J.) (finding a justiciable controversy "despite the absence of a verdict or settlement" in the underlying action but dismissing on precedential grounds).

However, neither Article III nor the federal Declaratory Judgment requires adjudication of Atain's duty to indemnify. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) (explaining that a district court has "unique and substantial discretion in deciding whether to declare the rights of litigants"). And prudence strongly disfavors resolving the unripe question of Atain's duty to indemnify. "[A]n insurer's duty to indemnify is not ripe for adjudication unless and until the insured or putative insured has been held liable in the underlying action." *Pa. Nat'l Mut. Cas. Ins. Co. v. King*, 2012 WL 280656, at *5 (S.D. Ala. Jan. 30, 2012) (Steele, J.); *Interstate Fire & Cas. Co. v. McMurry Constr. Co.*, 2017 WL 821746, at *3 (M.D. Fla. Mar. 2, 2017) (Mendoza, J.); *see also Northland*, 160 F. Supp. 2d at 1360 ("Because an insurer's duty to indemnify is dependent on the outcome of a case, any declaration as to the duty to indemnify is premature unless there has been a resolution of the underlying claim.").

Atain argues that *Higgins v. State Farm Fire and Cas. Co.*, 894 So. 2d 5 (2004), changes the law. (Docs. 28 at 8 and 32 at 6) Claiming a need to expeditiously resolve a coverage dispute, *Higgins* permits a Florida trial court to determine indemnity before the resolution of the underlying tort action. 894 So. 2d at 16–18. But federal procedural law governs this federal action under the federal Declaratory Judgment Act. *Burlington Ins. Co. v. Wiliford Roofing Co.*, 2015 WL 12546284, at *2 (M.D. Fla. Mar. 11, 2015) (Davis, J.) (limiting *Higgins* to the Florida Declaratory Judgment Act); *Mid-Continent Cas. Co. v. Nassau Builders, Inc.*, 2017 WL 1191383, at *7 (M.D. Fla. Mar. 31, 2017) (Howard, J.) (finding that *Higgins* is irrelevant to an action under the federal Declaratory Judgment Act).

Also, *Ameritas Variable Life Insurance Company v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005), requires consideration of "federalism, efficiency, and comity," which are not considered by *Higgins*. *Ameritas*, 411 F.3d at 1331 (11th Cir. 2005) (internal quotations omitted);[2] *see also First Mercury Ins. Co. v. Excellent Computing Distribs., Inc.*, 648 Fed. App'x 861, 866 (11th Cir. 2016) (noting that the Eleventh Circuit has "never held that the *Ameritas* factors apply only when reviewing parallel actions"). With deference to federalism, efficiency, and comity, the *Ameritas* factors, applied to this case favor dismissal of Atain's unripe request. Although the duty to defend depends on the underlying complaint only, an informed resolution of Atain's duty to indemnify depends on facts that the state-court litigation likely will resolve.

The unresolved but determinative facts include whether the injury arises "out of or in connection with any 'auto'" or from "[p]arking an 'auto' on, or on the ways next to" the premises. (Doc. 1 at 7–8) The underlying action alleges that Candelario was negligent in her driving and that the property owners were negligent in their

---

[2] More specifically, *Ameritas* requires consideration of "(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (2) whether the judgment in the federal declaratory action would settle the controversy; (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue; (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable; (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (6) whether there is an alternative remedy that is better or more effective; (7) whether the underlying factual issues are important to an informed resolution of the case; (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action." 411 F.3d at 1331

maintenance of the parking lot. (Doc. 1-1 at 3–6) Whether Dominguez's injuries are attributable to driving or parking directly informs the underlying suit and touches on both the legal causation of the injury and the apportionment of fault. The state court has a strong interest in resolving these factual issues under state law without encroachment from a federal court.

Although clarification of the indemnity question might expedite a settlement,[3] that uncertain prospect must yield to the benefits of dismissal. *See Nassau Builders*, 2017 WL 1191383, at *7 (finding that the possibility of facilitating settlement was outweighed by considerations of federalism, efficiency, and comity); *Am. Cas. Co. of Reading v. Allen*, 2014 WL 10450887, at *5 (N.D. Ala. Dec. 29, 2014) (Putnam, J.) (finding that the possibility of facilitating settlement "alone is not a sufficient justification for addressing premature, unripe issues"); *Employers Mut.*, 387 F. Supp. 2d at 1212 (noting that the possibility of facilitating settlement was a concern in nearly all cases declining jurisdiction prior to a determination of liability).

Atain's unripe requests for a declaratory judgment are dismissed without prejudice. This action will proceed only as to Atain's duty to defend Loyda Sanchez in the underlying action.

**2. Ideal Supermarket and Luis Sanchez are not necessary parties.**

Also, Ideal Supermarket, which transacts business as Latin American Supermarket, and Luis Sanchez request dismissal from this action as unnecessary

---

[3] The strength of this factor is weakened here because the insured, Loyda Sanchez, joins in the motions to dismiss, showing no apparent interest in a premature clarification of her legal relationship with Atain.

parties.[4] (Doc. 22 at 10–11) Atain responds that they are necessary and indispensable parties to this action because they retain a legal interest in policy coverage. (Doc. 28 at 13) Although underlying tort claimants are generally indispensable parties, *see Am. Safety Cas. Ins. Co. v. Condor Assocs., Ltd.*, 129 Fed. App'x 540, 542 (11th Cir. 2005) (citing *Ranger Ins. Co. v. United Hous. of N.M.*, 482 F.2d 682 (5th Cir. 1974)), Atain provides no support for the proposition that uninsured *defendants* in the underlying suit are indispensable parties to a declaratory action on the insurer's duty to defend.

Atain cites to Rule 19(a), Federal Rules of Civil Procedure, and argues that dismissing these defendants might subject Atain to separate litigation and inconsistent obligations. (Doc. 28 at 13) But that creates a necessary party under Rule 19(a)(1)(B) only if the party claims an interest in the subject of the action. Ideal Supermarket and Luis Sanchez expressly disclaim an interest in this litigation and correctly argue that, because neither is a named insured, Atain has no duty to defend or indemnify. (Doc. 22 at 11) (citing *Auto-Owners Ins. Co. v. Jones*, 397 So. 2d 317, 319 (Fla. 4th DCA 1981) ("Obviously, there is no duty on the part of an insurance company to defend anyone who is not an insured under the terms of the policy.")) Indeed, besides conclusory argument, Atain has not established a telling connection between the potential liability of Ideal Supermarket or Luis Sanchez and Loyda Sanchez's coverage under the subject policy. Neither Latin American Supermarket

---

[4] Counsel suggests that Luis Sanchez may be deceased. (Doc. 22 at 11) But without service of a statement noting death under Rule 25(a)(3), the Court considers only whether Luis Sanchez is a necessary party.

nor Luis Sanchez is a necessary party under Rule 19.  *See Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1045 (11th Cir. 1986).

## CONCLUSION

The motions (Docs. 22, 27) are **GRANTED-IN-PART**.  The Clerk must **TERMINATE** Ideal Supermarket and Luis Sanchez as defendants in this action.  Atain's requests for a declaratory judgment as to coverage and the duty to indemnify are **DISMISSED WITHOUT PREJUDICE**.  The defendants' request to dismiss the complaint entirely is **DENIED**.  This action will proceed on only Atain's request for a declaration on the duty, if any, to defend Loyda Sanchez in the underlying state-court action.

**ORDERED** in Tampa, Florida, on April 27, 2018.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE